IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COURTNEY M. COWINS,

                Plaintiff,

    v.                                           OPINION AND ORDER

JEANETTE SUNDSTROM and                         25-cv-532-wmc
JUDGE CHRIS TAYLOR,

                Defendants.

---

Plaintiff Courtney Cowins, a state prisoner who represents himself, has filed a complaint under 42 U.S.C. § 1983, alleging that his constitutional rights were violated by a state court judge and court reporter who conspired to reconstruct a missing court reporter certification from his criminal trial.  Because plaintiff is a prisoner proceeding without prepayment of the full filing fee, the court must screen the complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).  The court must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard than one drafted by a lawyer.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  However, plaintiff must still provide facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Here, plaintiff's complaint must be dismissed because it fails to state any claim upon which relief may be granted.

This is not the first time plaintiff has raised the issue of the uncertified record for his state criminal case.  After this court denied a habeas petition he filed under 28 U.S.C.

§ 2254, plaintiff argued that this court lacked subject matter jurisdiction over the petition because of an uncertified court record. Judge James Peterson dismissed the argument as frivolous. *Cowins v. Boughton*, 16-cv-22-jdp, dkt. #59 (W.D. Wis. April 15, 2020). Plaintiff then raised the same issue in the Wisconsin Court of Appeals on denial of another postconviction motion, but the appellate court likewise rejected the argument as lacking any legal basis. *State v. Cowins*, 2023AP197 (Wis. Ct. App. Dec. 5, 2024).

Now plaintiff tries a new tactic, characterizing the uncertified record and state judge's and court reporter's attempt to correct the problem as a violation of his due process and equal protection rights. But this argument is also meritless. State court rules about trial transcripts and court reporter certification do not implicate plaintiff's rights to due process or equal protection. Moreover, judges are immune from actions taken in their official capacities, *Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005), and the court reporter may have quasi-judicial immitted if she was acting at the direction of a judge. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436–38 (1993); *Schneider v. Cnty. of Will*, 366 F. App'x 683, 685 (7th Cir. 2010). Thus, even if there was legal authority to support plaintiff's due process and equal protection theories, his claims would likely be barred by immunity doctrines. For these reasons, plaintiff's complaint will be dismissed.

When a plaintiff is proceeding without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But the court need not grant leave to amend "if it is clear that any amendment would be futile." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). Here, plaintiff cannot provide any more information that would

support a constitutional claim based on the alleged uncertified trial record, so another chance to amend his complaint would be pointless. Thus, the case will be dismissed, and the clerk of court will record a "strike" under 28 U.S.C. § 1915(g) because the dismissal is for failure to state a claim. If plaintiff receives three strikes, he will not be allowed to file cases in federal court without prepaying the full filing fee unless he is in imminent danger of serious physical injury.

## ORDER

IT IS ORDERED that:

1) Plaintiff Courtney Cowins is DENIED leave to proceed, and his complaint (dkt. #1) is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2) Plaintiff's motion to correct the caption (dkt. #6) is GRANTED.

3) A strike is to be recorded under 28 U.S.C. § 1915(g).

4) The clerk of court is directed to enter judgment and close this case.

Entered the 1st day of April, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3